# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Michael E. Gardner

February 13, 2007

Case Nos. CR06-2213, CR06-3539

BY JUDGE EVERETT A. MARTIN, JR.

*Motion to Dismiss*

I have reviewed the Motion to Dismiss the pending charges of possession of child pornography, Code of Virginia § 18.2-374.1:1. I deny the motion. At the time the police arrested the defendant, they seized his computer. It was subjected to a forensic analysis by Investigator Bowers, who found a number of images of child pornography on it. These images were contained in a "temporary internet cache." Investigator Bowers testified that images are stored in a "temporary internet cache" automatically whenever the computer operator "visits a website;" the operator need take no action to have the images stored. This capability of the computer, which to the uninitiated seems rather nefarious, does have a purpose. If the computer operator revisits the "website" from which the information was stored, the information will "come up" much more quickly than if it had not been stored. Privacy is thus sacrificed to efficiency and impatience.

Investigator Bowers further testified that most of the photographs of child pornography he found on the defendant's computer were "thumbnails," which means they had not been enlarged. His investigation also disclosed that no one had ever manually emptied the "temporary internet cache" nor was there any evidence that anyone had attempted to "access" the material in the

"temporary internet cache" and there were no images in the "recycle bin." Investigator Bowers also testified that the defendant's computer had operating software that contained a "firewall" and "anti-virus" features. Furthermore, the computer contained a "pop-up blocker" that generally keeps unwanted child pornography from appearing on the screen of the computer.

In sum, the operator of the defendant's computer "visited websites" that contained images of child pornography, viewed them, but took no further action. Mr. Inge contends that such actions do not constitute "possession" of child pornography within the meaning of the statute.

Like the courts in *United States v. Tucker*, 305 F.3d 1193 (10th Cir. 2002), and *United States v. Romm*, 455 F.3d 990 (9th Cir. 2006), I find I do not need to answer the question as one of law. Investigators Gray and DePena both testified that the defendant said "I don't have too much" in response to a question DePena asked him about the presence of child pornography on his computer.

The "knowing" possession of child pornography should require neither more nor less than the "knowing" possession of narcotics.

> While knowledge [is] an essential ingredient in the crime of possession of narcotics, such knowledge may be proved by evidence of acts, declarations, or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found.

*Ritter v. Commonwealth*, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970). Thus, it would seem that knowledge that a defendant had child pornography on his computer could be shown by the defendant's statements, his knowledge of the operational features of his computer, his general computer sophistication, or other factors. In the federal cases cited above, such evidence was sufficient to sustain a conviction, and I see no reason to believe it would not be sufficient under Virginia's statute.

I agree with Judge Fernandez that:

> Where a defendant lacks knowledge about the cache files, and concomitantly lacks access to and control over those files, it is not proper to charge him with possession and control of the child pornography images located in those files, without some other indication of dominion and control over the images. To do so turns abysmal ignorance into knowledge and a less than valetudinarian grasp into dominion and control.

*United States v. Kuchinski*, 469 F.3d 853, 863 (9th Cir. 2006). However, based on the statement attributed to the defendant, this does not appear to be that case. The sufficiency of the evidence of "knowing possession" will have to be determined by the trier of fact.

## Motion to Suppress

I did not find at the hearing that the defendant invoked either his right to counsel or his right to silence at the time of his arrest when he made the statement to the police indicating some knowledge of the presence of child pornography on his computer. I resolve all doubts on the credibility of the witnesses on that issue in favor of the Commonwealth.

With respect to his claimed invocation of either of those rights at a later time, the defendant was asked a series of leading questions calling for legal conclusions. The Commonwealth did not object to any of those questions, but the defendant did not sufficiently testify to the words he claims he used to invoke those rights, nor was there evidence about when such assertions were made. In contrast, the testimony of the two detectives was clear and unequivocal. I thus also resolve all questions of the credibility of the witnesses on this issue in favor of the Commonwealth.